IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

```
_____
PATRICK WILSON,               )
                              )
          Petitioner,         )
V.                            )   Criminal No. 1:03cr345
                              )   Civil Action No. 1:05cv500
UNITED STATES OF AMERICA,     )
                              )
          Respondent.         )
_____)
```

**MEMORANDUM OPINION**

This case comes before the Court on Petitioner Patrick Wilson's motion filed pursuant to Title 28, United States Code, Section 2255.

In July 2003 a federal grand jury in Alexandria, Virginia returned a three count indictment charging the petitioner and six others with conspiracy to possess and distribute marijuana, in violation of Title 21, United States Code, Section 846 (Count 1); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count 2); and possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 21, United States Code, Section 924(c) Count 3). The indictment also sought forfeiture of drug-related assets pursuant to Title 21, United States Code, Section 853.

On February 25, 2004, in accordance with a written plea agreement which set forth the nature of the charges and the

consequences of a guilty plea, the petitioner pled guilty to Count 1 of the indictment, charging him with conspiracy to distribute one thousand (1,000) kilograms or more of marijuana, in violation of Title 21, United State Code, Sections 841 and 846, and to Count 2 of the indictment, charging him with conspiracy to launder monetary instruments, in violation of Title 18, United States Code, Section 1956.  After acceptance of the guilty plea, the Court granted the motion of the United States to dismiss Count 3 of the indictment against the petitioner.

The Pre-Sentence Report (PSR) on the petitioner prepared by the United States Probation Office calculated the petitioner's adjusted level for Count 1 at 37, using a base offense level of 34, a Role-in-the-Offense Adjustment of three levels pursuant to U.S.S.G. § 3B1.1(b) based on petitioner's managerial/supervisory role in the criminal activity, and a three-level reduction pursuant to U.S.S.G. § 3E1.1.  This resulted in a total offense level of 34, for which the corresponding guideline range was 188-235 months.

On April 28, 2004, the petitioner filed an objection to some of the aliases attributed to him in the PSR, as well as to the report's characterization of him as being a manager or supervisor in the criminal enterprise.  On May 7, 2004, the U.S. Probation Office issued an addendum to the PSR, noting that the alias-related objections would not have an impact on the calculation of

the applicable sentencing guidelines, and reasserting the appropriateness of the § 3B1.1(b) enhancement.

On June 3, 2004, the petitioner filed a sentencing memorandum, in which he again objected to being characterized as a manager or supervisor in the PSR and again asserting that his total offense level should be calculated as a level 31, for which the corresponding guideline range was 135 to 168 months. The United States filed a response to this objection in which the United States asserted the appropriateness of the § 3B1.1(b) enhancement.

At the June 4, 2004 sentencing hearing before this Court, counsel for the petitioner again argued against imposition of the § 3B1.1 enhancement. The Court heard counsel's argument and the United States' response and found that this assessment for role in the offense had been properly assessed. The petitioner was a supervisor, he was a recruiter, and there was an extensive drug operation involved. The Court sentenced the petitioner to concurrent 188-month terms of imprisonment on Counts 1 and 2, followed by a period of supervised release and special assessment.

On May 1, 2005, the petitioner filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255, alleging that he received ineffective assistance of counsel following his sentence; the

sentencing court erred by applying the § 3B1.1(b) sentence enhancement; and the sentencing court erred by attributing three-thousand (3,000) to ten-thousand (10,000) kilograms of marijuana to the defendant for sentencing purposes.

On a motion filed pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence, the petitioner bears the burden of proving the grounds for such collateral relief by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

The crux of the petitioner's claim of ineffective assistance of counsel appears to be that his counsel did not file a notice of appeal following sentencing, despite petitioner's desire to do so. However, the petitioner provides no evidence of his allegations of deficient performance by his counsel, nor does he provide any evidence that, absent this deficient performance, he would have filed an appeal.

The Sixth Amendment entitles a criminal defendant to effective assistance of counsel on direct appeal, see Hudson v. Hunt, 235 F.3d 892, 895 (4th Cir. 2000), and, in order to establish a Sixth Amendment violation bases upon counsel's failure to appeal, a petitioner must meet a twofold burden. He "must prove that (1) counsel was ineffective and (2) but for counsel ineffectiveness, an appeal would have been filed." U.S. v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000).

In order to prove that counsel was ineffective, a petitioner must show that "the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 690 (1984).

In order to prove that, but for counsel's ineffectiveness, a different outcome would have resulted, a petitioner bears the burden of showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Hudson, 235 F.3d. at 895.

"An attorney who fails to file an appeal after being instructed to do so is *per se* ineffective. When a client does not specifically instruct counsel to appeal, however, whether counsel has been ineffective by failing to appeal depends upon 'whether counsel in fact consulted with the defendant about an appeal.'" Witherspoon, 231 F.3d at 926 (citing Roe v. Flores-Ortega, 528 U.S. 470 (2000)).

The petitioner makes no claim that his counsel failed to consult with him about an appeal, claiming only that "upon my sentencing I told my attorney to file [a] notice of appeal which he fail [sic] to do." The petitioner fails to present any evidence to bolster this claim, one that strains credulity given that in his plea agreement he affirmed that I have read this plea

-5-

agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it. In addition to being contradicted by the circumstances surrounding his sentencing, the petitioner's claim loses further credibility in light of defense counsel John B. Jacob, Jr.'s attached affidavit, in which Mr. Jacob explains that he had numerous discussions with Patrick Wilson regarding the plea agreement and his waiver of appeal in such agreement before and after his sentencing date of June 4, 2004. Patrick Wilson signed the plea agreement and understood his appeal rights and waiver of appeal pursuant to our discussions. While Mr. Jacob indicates that the petitioner has stated that he wanted to appeal the sentence, Mr. Jacob explains that he again informed Mr. Wilson that he had waived any right to appeal the sentence.

It is simply not credible that having intentionally waived his right to appeal his sentence and having been told by his counsel that his remedy for a reduction of his sentence of imprisonment was for the United States Government to file a Rule 35 motion pursuant to the Rules of Criminal Procedure, that the petitioner nevertheless demanded to appeal his sentence. The petitioner pled guilty and waived his right to appeal in order to gain an end to the judicial proceedings. In return, the government agreed that it would not further prosecute the petitioner in the Eastern District of Virginia for any of the

activities described in the indictment or statement of facts. Furthermore, the petitioner agreed to cooperate with the United States and hoped to receive a reduction in his sentence. Any appeal by the petitioner would be a breach of a plea agreement, could subject the petitioner to precisely the further prosecution he sought to avoid by signing the plea agreement, and would ruin any potential for a reduction in the petitioner's sentence based upon his substantial assistance.

The petitioner's claim that he unequivocally instructed his attorney to file an appeal is unbelievable in light of the facts and circumstances surrounding his plea agreement. Given that the petitioner has not offered any evidence to support his claim beyond the allegation itself, it appears that he is using an unfounded claim of ineffective assistance of counsel as nothing more than an attempt to re-litigate sentencing issues already determined by this Court. The petitioner has not established the validity of his allegation of ineffective assistance of counsel by a preponderance of the evidence.

Even if the petitioner could establish by a preponderance of evidence that defense counsel was instructed to file an appeal, failed to do so, and was therefore ineffective, a court must still consider "whether counsel's deficient performance prejudiced the defendant." Hudson, 235 F.3d at 896. In order to show prejudice, "a defendant must demonstrate that there is a

reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Roe, 528 U.S. at 484. In connection with this inquiry, "'it will often be highly relevant' whether there are non-frivolous grounds for appeal or the defendant promptly expressed a desire to appeal.'" Hudson, 235 F.3d at 896 (citing Roe, 528 U.S. 484-86).

Again, assuming that defense counsel was deficient in some manner regarding the petitioner's alleged request to appeal his sentence, the petitioner cannot show prejudice, since even if a defendant can establish "deficient performance by demonstrating that he indicated an interest in appealing (thereby triggering a duty to consult)... 'such evidence alone is insufficient to establish that, had the defendant received reasonable advice from counsel about the appeal, he would have instructed counsel to file an appeal.'" Hudson, 235 F.3d 896 (citing Roe, 528 U.S. 486-87).

The record shows that the petitioner was actively pursuing a possible reduction in his sentence for substantial assistance-a course of conduct totally inconsistent with a breach of the plea agreement through the filing of an impermissible appeal. Defense counsel explained that he and the petitioner had had numerous meetings with the United States Attorney's and Federal Agents to provide information which could lead to a Rule 35 motion at some

time in the future.  The last meeting took place in May, 2005.

An appeal of the petitioner's sentence would have constituted a breach of his plea agreement with the United States and destroyed any possibility of a reduction of his sentence. Nothing on the record prior to his most recent claims indicates that the petitioner would have pursued an appeal had he received effective assistance of counsel.  Instead, the record shows that the petitioner chose instead to pursue cooperating and has filed this wholly unsubstantiated motion in an effort to gain the benefits of his bargain with the government without incurring the corresponding costs.  The petitioner clearly and unequivocally agreed not to file an appeal as part of his plea agreement with the United States, and it flies in the face of reason to assert that having shied away from trial initially, the petitioner would so suddenly and completely reverse course and insist on precisely the trial proceedings to which he was initially so averse that he entered into his plea agreement.  Its complete lack of grounding in the record demands that the petitioner's frivolous allegation of ineffective assistance of counsel be dismissed.

The Fourth Circuit has repeatedly approved the knowing and voluntary waiver of a defendant's right to appeal. See, e.g., U.S. v. General, 278 F.3d 389, 399-401 (4th Cir. 2002).  The plea agreement signed by the petitioner stated that he understood he had a right to appeal the sentence imposed, but knowingly waived

the right to appeal the conviction and any sentence within the maximum provided in the statute of conviction or the manner in which that sentence was determined on any ground whatsoever.  The petitioner is therefore unable to demonstrate by a preponderance of the evidence that the outcome of his case was in any way prejudiced by his counsel's alleged failure to file a notice of appeal, since such an appeal would have been summarily denied based on the terms of the petitioner's plea agreement.

The petitioner raises a challenge based on <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), and (by implication) <u>U.S. v. Booker</u>, 125 S. Ct. 738 (2005) to the sentencing enhancements he received.  Though the fact that these cases provide no retroactive relief should be sufficient to deny the petitioner's motion, his allegations fail on their merits as well.  The Fourth Circuit has held that <u>Booker</u> (and its extension of <u>Blakely</u>) does not apply retroactively to cases pending on collateral review, <u>U.S. vs. Morris</u>, 429 F.3d 65 (4th Cir. 2005).

Wherefore, for all of the foregoing reasons, the petitioner's motion should be denied.

/s/
_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
March 28, 2006